Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

'13 APR -2 PM 2:24

CLERK OF COURT

BY _____

# IN THE SUPERIOR COURT OF GUAM

TEKER TORRES & TEKER, P.C.,     )
                            )
          Plaintiff,   )
                            )
v.                    )
                            )
CECIL WILLIAMSON, MARCUS   )
PORTER, and DONALD D. PORTER,  )
                            )
         Defendants.   )
                            )

CASE NO. CV2058-10

**DECISION AND ORDER
ON MOTION TO VACATE DEFAULT
AND DEFAULT JUDGMENT**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on November 5, 2012 on Defendants' Motion to Vacate Default and Default Judgment. Attorney Joseph J. Iacopino represented Defendants Cecil Williamson, Marcus Porter, and Donald Porter. Attorney Brooke E. Wright represented Plaintiff Teker Torres & Teker, P.C. Following the hearing the Court took the matter under advisement. Having considered the parties' arguments and the applicable law, this Court now issues its Decision and Order.

## FACTUAL BACKGROUND

Plaintiff Teker Torres & Teker, P.C. (hereinafter "Teker"), filed this action on December 28, 2010. In the Complaint, Teker alleges Defendants Cecil Williamson, Marcus Porter, and Donald Porter is liable for damages resulting from a breach of contract for legal services.

Defendants do not reside in Guam. There is some dispute as to whether Plaintiffs effectively served Defendants with process.[1] It appears from the record

---

[1] Cecil Williamson contends she was never served with the summons or complaint for this action, even though proof of service shows service was carried out at her home and made on her

that there was some effort to end the dispute through waivers of service of process, though no waivers appear in the record. Additionally, there was some communication between Teker and Defendants' counsel as to an extension of time in which Defendants could file their Answer.

The Clerk of Court entered Defaults as to each Defendant. On April 7, 2011, Default was entered against Donald Porter. Afterward, Teker and Defendants were discussing the possibility of negating requests for Entry of Default as to each Defendant based on certain conditions. For reasons that remain unclear, no such negation occurred and at Teker's request, Default was entered against Cecil Williamson and Marcus Porter on April 26, 2011.

On May 5, 2011, Defendants sent their Answer to the Superior Court of Guam. The Answer was received by the Court and filed on May 11, 2011. In their answer, they dispute their liability under the contract as well as the amount owed if found liable. Defendants allege that after their Answer was filed with this Court, they entered into negotiations with Teker.

On September 21, 2011, this Court issued a Default Judgment at Plaintiff's request. On April 13, 2012, Defendants filed their motion to vacate the Entry of Default and Default Judgment. They argue that Entry of Default and Default Judgment are improper under the circumstances and that they meet the tests for which Guam sets each aside.

## DISCUSSION

### I. Motion to Vacate Default Judgment.

The rule regarding such a motion is governed by Rule 60 of the Guam Rules of Civil Procedure. The Rule states:

> On motion and upon such terms as are just, the court may relieve a
> party or a party's legal representative from a final judgment, order, or
> proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;

---

husband. Donald Porter contends he was never served while Teker's proof of service shows service was made upon John Collins, an associate of Porter's who is authorized to accept service on his behalf. The only Defendant to acknowledge personal service is Marcus Porter.

> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.
> The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Guam R. Civ. P. 60(b). For a default judgment to withstand a 60(b) motion, it must be shown that A) the defendant's culpable conduct led to the default; B) the defendant has no meritorious defense, or C) the plaintiff would be prejudiced if the judgment is set aside. See Midsea Industrial, Inc. v. HK Engineering, Ltd., 1998 Guam 14, ¶ 5 (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). "A finding of but one of the three elements is sufficient to deny vacation of a default judgment." Id. "[T]he rule is meant to be remedial in nature and should be applied liberally... a default judgment is considered to be a drastic measure, only appropriate in extreme circumstances because, whenever possible, cases should be decided on their merits. Id. at ¶ 6.

### A. Defendant's Culpable Conduct.

This factor is not in dispute. In Teker's Opposition to Defendants' motion, there is no allegation that the Default is attributable to Defendants' conduct. Defendants contend they are without fault in this matter. As such, there has been no showing that Defendants' culpable conduct led to the default judgment and the judgment will not be able to withstand the motion to vacate on this factor.

### B. No Meritorious Defenses.

If it can be shown that Defendants lacked a meritorious defense, the 60(b) motion should be denied. Midsea, 1998 Guam 14 ¶ 10. The Court must determine whether there is some possibility that the outcome of the suit after a full trial will

be contrary to the result achieved by the default. *Id.* (quoting Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986).

Teker contends Defendants have not specifically alleged a meritorious defense. Defendants argue they have raised meritorious defenses. Their Answer denies all factual allegations of the Complaint and raises numerous affirmative defenses. Defendants' declarations produce factual allegations that if found to be true could absolve them of liability to Teker.

Marcus Porter's April 13, 2012 Declaration provides the following:

1) The purported contract for legal services doesn't indicate Teker was to provide legal services to him. (*See* ¶6).
2) Teker did not represent him, did not appear as counsel of record for him or provide legal services to him, and that services were rendered by another law firm. (*See* ¶ 7).
3) The bills are excessive and unreasonable. (*See* ¶ 9).
4) Teker's legal services were provided to someone else with interests adverse to Porter. (*See* ¶ 11).

The Declarations of Cecil Williamson and Donald Porter make similar allegations. It is the finding of this Court that Defendants do raise meritorious defenses and the default judgment will not be able to stand based on this factor.

## C. **Prejudice to Plaintiff.**

Teker argues that vacating the default judgment would lead to prejudice because the attorney who rendered the services in question, Mr. Joseph Razzano, is no longer employed by the firm. (October 29, 2012 Opposition p.3). It is Teker's argument that this fact means the firm's ability to pursue the case is hindered. Defendants argue there is no prejudice because "there is no reason why the plaintiff would not be able to [i]ntroduce its documentary evidence and call its witnesses, including Mr. Razzano in support of its claim for fees." (November 5, 2012 Reply p.3).

This Court agrees. Nothing about this changed circumstance affects Teker's ability to prosecute this matter. The fact that Mr. Razzano is no longer employed by Teker does nothing to the firm's ability to depose him or call him as a witness at trial. There is nothing in the record which would show he is not available for such

purposes. This Court finds that the default judgment may not stand based on this factor.

## II. Motion to Vacate Entry of Default.

For good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b). Guam R. Civ. P. 55(c). The concepts of default and default judgment are distinct and must be treated separately. Adams v. Duenas, 1998 Guam 15 ¶ 5 (citing U.S. v. Topeka Livestock Auction, Inc., 392 F.Supp. 944 (N.D.Ind. 1975)).

"However, due to the parallels between entries of default and default judgments, in reviewing entries of default courts will look to the same grounds that are relevant in considering whether to set aside a default judgment." Adams, ¶ 5. "On the other hand, the standard is less rigorous when examining a motion to set aside entry of default than for default judgments, so these grounds are more liberally construed." Id. (citing Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986).

Here, Entry of Default was made as to each Defendant. On April 7, 2011, Default was entered against Donald Porter. Default was entered against Cecil Williamson and Marcus Porter on April 26, 2011. As the controlling cases dictate, the standard is less rigorous, thus grounds are more liberally construed.

This Court has already analyzed the Rule 60(b) factors and found that none of the factors can be used for the Default Judgment to survive the motion. This Court incorporates the same analysis to the Rule 55(c) motion.

## CONCLUSION

The Court finds that none of the factors to be analyzed under a Rule 60(b) Motion may be used to withstand Defendants' Motion to Vacate Default Judgment. Defendants' 60(b) motion is hereby **GRANTED**. For the same reasons Defendants' Motion to Vacate Entry of Default is hereby **GRANTED**.

//

//

-5-

Decision and Order
Case No. CV2058-10

It is **SO ORDERED** this 2nd day of April, 2013.

Original Signed By:
Hon. Alberto C. Lamorena III

_____
HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.

APR 0 2 2013

**Rosaline R. Salas**
Deputy Clerk
Superior Court of Guam

-6-